**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601**
914.681.9500

**09 CIV. 5433**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x

GAIL PINE,                                  :

            Plaintiff,            :

    -against-                           :

STANDARD PARKING CORPORATION,   :

            Defendant.            :

------------------------------ x

**JURY TRIAL DEMANDED**

**JUDGE KARAS**

Civ. (  )

**COMPLAINT**

    GAIL PINE, by her attorneys, Baker, Leshko, Saline & Blosser, LLP, complaining of the above-mentioned defendant, alleges as follows:

1. Gail Pine is a citizen and resident of the State of New York and presently resides in the Town of Hopewell Junction, County of Dutchess, State of New York.

2. Upon information and belief, defendant Standard Parking Corporation (hereinafter "Standard Parking") is a corporation organized under and existing pursuant to the laws of the State of Delaware and maintains a principal place of business within the State of Illinois.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 as the citizenship of the parties are diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

1

4. Venue of this action is proper in this District pursuant to 28 U.S.C. Section 1391(a).

5. Upon information and belief, Standard Parking is and was at all relevant times herein in the business, inter alia, of owning and/or operating certain parking lots, including but not limited to the elevated employee parking lot at the Westchester Medical Center, Valhalla, New York (hereinafter the "Parking Lot").

### AS AND FOR A FIRST CLAIM FOR RELIEF

6. On August 28, 2006 while lawfully at the Westchester County Medical Center Mrs. Pine was caused to trip and fall due to the faulty and negligent construction, relocation, maintenance and/or installation of certain pipe(s) and associated materials in or about the Parking Lot.

7. Defendant caused the condition involving the certain pipe(s) and associated materials to exist in or about the Parking Lot due to its actions and/or omission.

8. Defendant owed Mrs. Pine a duty to properly and non-negligently construct, relocate, maintain and/or install and/or maintain the certain pipe(s) and associated materials in about the Parking Lot.

9. Defendant breached such duty to Mrs. Pine.

10. Due to such breach of a duty by Defendant, Mrs. Pine was seriously and permanently injured.

11. Defendant are liable to Mrs. Pine for their negligence.

WHEREFORE, Plaintiff demands judgment as follows:

2

1. On the first cause of action, an amount to be determined but in an amount in excess of the jurisdictional limitations of all inferior Courts;

2. Costs and disbursements of this action; and

3. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
       June 10, 2009

                            BAKER, LESHKO, SALINE & BLOSSER, LLP
                            *Attorneys for Plaintiff*

By: _____
      Mitchell J. Baker
One North Lexington Avenue
White Plains, New York 10601
914.681.9500